STATE *ex rel.* BAKER *v.* CITY OF KNOXVILLE *et al.*

(*Knoxville*, September Term, 1933.)

Opinion filed Nov. 18, 1933.

BOWEN & BOWEN and A. J. HARTMAN, for plaintiff in error.

D. J. KELLY and W. H. PETERS, JR., for defendants in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a suit for the writ of *mandamus,* to require the city of Knoxville and its administrative officers to reinstate the relator, H. L. Baker, as a fireman on the staff of the Knoxville fire department. The suit was dismissed on its merits by the circuit court of Knox county, and the case is before us on the relator's appeal in the nature of a writ of error.

By the charter of the city of Knoxville, Private Acts 1923, chapter 412, the members of the Knoxville fire department are placed under civil service rules. It is provided in section 66 of the charter that, if a reduction is made in the number of firemen employed, such reduction shall be made by dismissing those last employed or appointed.

The relator charges that he was dismissed from the fire department in November, 1931, by an order reducing the force, and that his dismissal was improper and contrary to the provisions of the charter because other firemen appointed after he entered the service were retained.

The city seeks to sustain the removal of the relator on the ground that his appointment, in the first instance, was wrongful and improper, because contrary to the civil service regulations of the charter, and that therefore the relator is not entitled to be reinstated.

The record shows, without contradiction, that the relator was a member of the city fire department when the charter was adopted in 1923, and that he had then fully complied with the civil service regulations. However, in December, 1923, a charge of misconduct in office was made against him, and, in order to avoid a public dismissal,

the relator tendered his written resignation to the proper officers of the city. From that date he was not employed by the city, until he was reappointed in August, 1930.

It is contended for the relator that his resignation from the service of the fire department, in December, 1923, was not effective to sever his connection with the fire department, because it was not formally accepted by the officers of the city.

We can see no merit in this contention, under the facts of this case. If no written resignation had been tendered, the withdrawal of the relator from the service for a period of seven years would amount to a resignation, in law and in fact, since there was no duty on his part to continue in the service, and the city at least acquiesced in his absence from the service.

Section 65 of the City Charter creates a civil service board, and provides for an examination by such board of applicants for appointment to an office or position under the civil service. It is directed that the examination "shall be practical and full, and fairly test the fitness of the person examined." Other preliminary requirements to the examination are prescribed.

Section 76 of the charter provides: "Whenever a policeman or fireman has in any way severed his connection by resigning or being removed or discharged from his service in the employment of the city, before he shall be again elected, he shall be required to stand a civil service examination just as any other applicant and subject to the same qualifications as required for new applicants."

It is shown without controversy that, when the relator was re-employed or appointed as a member of the fire department, in August, 1930, he was not required to stand a civil service examination, nor was he certified as eligible for appointment by the civil service board.

It is contended for the relator that the city cannot take advantage in this action of its own wrong, in permitting him to be reappointed without examination, and in support of this contention the relator cites *Morton* v. *Hancock County,* 161 Tenn., 324, 30 S. W. (2d), 250. We think a reading of the opinion in that case will clearly indicate that it has no application to the issue here involved. The present case is not one in which the relator is suing for wages earned, as in the case cited.

The re-employment of the relator in 1930 was in direct violation of the mandatory provisions of the charter. Regardless of the reason which impelled the city to remove him from that employment, the relator is not entitle l to the affirmative aid of the courts to secure his reinstatement. He must assert his title or right to the position, and that he cannot do, because he has not qualified under the law which he seeks to enforce. If this court should direct his reinstatement, its processes would be used to violate the law of the charter to the same extent that it was violated by the officers of the city when the relator was reappointed. No court could ever justify such use of its processes.

The judgment of the circuit court, dismissing the suit, is accordingly affirmed.